**Sanjeev JAISWAL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70362.
INS No. A71–947–961.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Sanjeev Jaiswal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") decision denying asylum and withholding of deportation. Because the transitional rules apply, we have jurisdiction under 8 U.S.C § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition.

Contrary to the BIA's decision, Jaiswal's credible testimony establishes that his persecution was at least in part on account of his political opinion. *See Borja v. INS*, 175 F.3d 732, 735 (9th Cir.1999) (en banc). Jaiswal, who is part Hindu and part Sikh, testified that immediately after he told his Sikh attackers that he would not cooperate with them because he did not believe in a separate Sikh state, he was beaten, stabbed and threatened with further harm, and money was extorted from him.

Because the record evidence supports the conclusion that Jaiswal suffered past persecution on account of political opinion, he is entitled to the presumption that he has a well-founded fear of future persecution. *See id.* The record evidence of country conditions introduced by the INS does not satisfy the particularized showing of changed conditions that our case law requires to rebut this presumption. *See Navas v. INS*, 217 F.3d 646, 657, 662 (9th Cir.2000). Jaiswal has further met the "clear probability of future persecution" standard required for withholding of deportation. *See id.* at 663. We therefore hold that Jaiswal is statutorily eligible for asylum and withholding of deportation. *See id.* at 662–63.

We grant the petition and remand to the BIA for the exercise of the Attorney General's discretion and for the grant of withholding of deportation.

**PETITION GRANTED; REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.